IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09cv13-3-V
(5:04cr28)

| | |
|---|---|
| RICHARD LEN TAYLOR, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATED OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 filed on February 2, 2009 (Doc. No. 1); the Government's Response and Motion for Summary Judgment filed June 30, 2009 (Doc. No. 11); and Petitioner's "Oppositional Response to Respondent's Motion for Summary Judgment" filed on August 7, 2009 (Doc. No. 13.) For the reasons stated below, Petitioner's Motion to Vacate will be denied and dismissed.

I. PROCEDURAL HISTORY

On December 14, 2004, Petitioner and others were named in a fourteen-count Third Superseding Bill of Indictment. (Case No. 5:04cr28, Doc. No. 66: Third Superseding Bill of Indictment.) Specifically, Petitioner was charged with two counts of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C §§ 841(a) and 846 and 18 U.S.C. § 2 (Counts One and Four); and using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c) and (2) (Count Five). (Id.) On March 9, 2005, Petitioner entered into a plea agreement in which he agreed to plead guilty to Counts One and Five

1

of the Third Superseding Bill of Indictment. (Case No. 3:04cr28, Doc. No. 96: Plea Agreement.) In exchange for Petitioner's guilty plea to Counts One and Five, the Government agreed to dismiss Count Four at sentencing and to re-file the § 851 notice with only one prior drug conviction, rather than the two alleged in June 2004. Additionally, Petitioner agreed to a statutory sentence range of 20 years imprisonment and not more than life on the drug charge and 5 year consecutive sentence on the gun charge. (Id.) The parties agreed to an adjusted offense level of 41 on the conspiracy count, meaning Petitioner agreed that the amount of methamphetamine that was foreseeable to him was over 500 but less than 1,500 grams. (Id. ¶ 7.) Petitioner also agreed to waive his post-conviction rights except for claims of prosecutorial misconduct, ineffective assistance of counsel and a guidelines finding contrary to an express stipulation in the plea agreement. (Id. ¶ 20.)

On March 14, 2005, the United States re-filed the § 851 notice alleging only one prior drug conviction, rather than the two alleged in June 2004. (Case No. 5:04cr28, Doc. No. 97: Amended Information.) On the same day, Petitioner appeared with counsel before the undersigned for a Plea and Rule 11 Hearing. At that hearing, the Court placed Petitioner under oath and then engaged him in a standard lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. (Case No. 5:04cr28, Doc. No. 199: Transcript of Plea and Rule 11 Hearing.)

The undersigned specifically asked Petitioner if he had a copy of his plea agreement and indictment and after reviewing the charges and the elements of the charges with Petitioner, asked if Petitioner understood the nature of the charges to which he was pleading guilty and whether Petitioner had any questions for the Court regarding the essential elements of the offenses. (Id. at 14 - 17.) Petitioner responded that he understood the charges and stated that he did not have any questions for the Court regarding the essential elements of the offenses. (Id. at 17.) At the Court's request, the Government review the essential terms of the Plea Agreement including the maximum

and minimum penalties. Petitioner stated that he understood the terms and penalties. (Id. at 22-23.) Further, the undersigned asked if Petitioner and his counsel discussed how the guidelines might apply to his case and explained that the sentence imposed may be different from any estimate from his attorney as the Court would not be able to determine the guideline sentencing range until the probation office has prepared a presentence report. (Id. at 26-27.) Petitioner stated that he understood. (Id. at 27-28.) The undersigned asked Petitioner if he understood that he had a right to plead not guilty and if he understood that by pleading guilty he would be waiving his right to trial by jury and all rights attendant thereto. Again, under oath, Petitioner stated that he understood and accepted those limitations and wanted to plead guilty. (Id. at 31 - 33.) Petitioner stated that he was pleading guilty because he was, in fact, guilty and that he was entering his guilty plea freely and voluntarily. (Id. at 33 - 34.) Pursuant to his Plea Agreement, Petitioner also agreed that a factual basis existed for his plea and stipulated that the Court may use the offense conduct as set out in the presentence report, except any facts to which he has objected, to establish the factual basis for his plea. (Id. at 45; Plea Agreement ¶ 15.)

In response to additional questioning by the Court, Petitioner stated, under oath, that he had taken ample time to discuss possible defenses with his attorney and had told counsel everything he wanted him to know about his case; that he understood that if he received a sentence which was more severe that he expected or if the Court did not accept any sentencing recommendations, he would still be bound by his guilty plea. Petitioner asserted that his guilty plea was voluntarily made and was not the result of coercion, threats or promises; that he was, in fact, guilty of the subject charge; and that he was entirely satisfied with the services of his attorney. (Id. at 26 - 28; 51-53.) At the conclusion of the proceeding, the Court accepted Petitioner's guilty pleas.

On August 9, 2005, Petitioner appeared, with counsel, before the Court for a Factual Basis

3

and Sentencing hearing. The Court accepted counsels' stipulation that a factual basis existed and concluded that the stipulation together with Petitioner's pleas of guilty and his admissions were sufficient to find a factual basis to support his guilty pleas. (Case No. 5:04cr28, Doc. No. 200: transcript of Sentencing Hearing at 3.) The undersigned then sentenced Petitioner to 262 months for the drug conspiracy and 60 months consecutive for the gun charge for a total of 322 months imprisonment. (Case No. 5:04cr28, Doc. No. 140: Judgment.) Petitioner did not file a direct appeal. Instead, on August 14, 2006, he filed his first motion to vacate alleging several instances of ineffective assistance of counsel including that his counsel failed to honor his timely request to file a notice of appeal for him. (Case No.5:06cv100.) By Order dated August 16, 2006, this Court granted Petitioner's motion to vacate for the purpose of allowing him to file a timely appeal. (Id, Doc. No. 2.) Petitioner's new appellate counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967) concluding that there were no meritorious issues for appeal. However, counsel stated that Petitioner requested that he raise the following claims of ineffective assistance of counsel: (1) failure to thoroughly explain the import of the proceedings against him in that he only had a ninth grade education and did not fully understand the nature of the proceedings; (2) failure to interview several key witnesses; (3) coercing him to plead guilty to the charge of knowingly and unlawfully using and carrying a firearm in furtherance of a drug trafficking crime, a crime for which he is in fact innocent; and (4) refusing to assert his contention that the enhancement under 21 U.S.C. § 851 (2000) was improper as it was based upon an offense committed within the scope of the instant conspiracy. The Fourth Circuit advised Petitioner of his right to file a pro se supplemental brief, but Petitioner elected not to do so. The Court affirmed Petitioner's conviction and sentence. While the Court concluded that Petitioner's first three claims on appeal were not ripe for consideration by the Court and were more appropriate for consideration

on habeas review, the Court concluded that Petitioner's claim that the enhancement under 21 U.S.C. § 851 was improper as it was based upon an offense committed within the scope of the conspiracy was without merit. United States v. Taylor, 253 Fed. App'x 325 (4th Cir. 2007).

Petitioner filed the instant Motion to Vacate on January 28, 2009 alleging that his counsel was ineffective for: (1) failing to challenge the § 851 enhancement; (2) failing to challenge certain sentencing guidelines enhancements; (3) coercing him into pleading guilty to the § 924(c) count; (4) failing to obtain a third point for acceptance of responsibility; and (5) failing to move to dismiss the § 924(c) count. Petitioner also generally contests the propriety of his Plea and Rule 11 hearing.

## II. LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, the court must direct the government to respond. Id. The court must then review the government's answer and any materials submitted by the parties and determine whether an evidentiary hearing is warranted pursuant to Rule 8(a). Following such review, it is clear to the Court that Petitioner is entitled to no relief on his claims; thus a hearing is not required. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### A. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields

v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 142, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Critically, because some of Petitioner's claims are attempting to challenge issues at sentencing, in order to demonstrate an entitlement to relief on those, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999). As to Petitioner's claim regarding pre-sentencing issues, the Court will use the appropriate standard for establishing prejudice in the plea context. In that instance, a petitioner must show that his counsel's performance was deficient and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Fields, 956 F.2d at 1297 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985) (internal citations and quotations omitted). In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel – typically, in a Rule 11 proceeding – are binding on

6

the defendant absent "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977).

      1. Gun Claims

Petitioner contends that his counsel was ineffective for coercing him to enter into his plea agreement with respect to the gun charge only.[1] Petitioner argues that even though he told his attorney that he was not aware that a gun was in the car, his counsel told him to plead guilty to the gun charge because he had no defense to that charge.[2] Petitioner contends that if it were not for the erroneous advice, he would not have plead guilty to the charges and would have demanded a trial.

Petitioner's claim is belied by his own responses to the Court's inquiry at the Plea and Rule 11 hearing. Indeed, at Petitioner's Plea and Rule 11 hearing, the Court asked Petitioner a number of questions regarding his plea. Significantly, Petitioner advised the Court that no one had threatened, intimidated, or forced him into pleading guilty, and no one had made him any promises of leniency in order to induce his plea. (Case No. 5:04cr28, Doc. No. 199: Transcript of Plea and Rule 11 Hearing at 51.) On the contrary, Petitioner told the Court that he was tendering his pleas of guilty to Counts One and Five of the Indictment because he was, in fact, guilty of the charged offenses. (Id. at 33 - 34.) During the Plea and Rule 11 hearing, this Court specifically advised

---

[1] Petitioner does not seems to contest the validity of his plea as to Count One, the conspiracy charge.

[2] To the extent that lack of knowledge that the gun was in the car is a viable defense to the § 924(c) charge, it may not have been a persuasive defense based on the facts outlined in the Presentence Report. (See Presentence Report ¶¶ 20 - 30) Moreover, by taking the plea agreement as offered by the Government, Petitioner went from a mandatory life sentence to roughly 20 years plus 5 years. The Government was not offering the option to plead only to the drug charge and not the gun charge. Petitioner's option was to plead to both charges and face roughly a 25 year sentence or go to trial and face a possible life sentence. On these facts, Petitioner cannot establish prejudice as is required under Strickland.

Petitioner of the elements of the 924(c) charge. (Id. at 15-17.) The Court then asked Petitioner if he had any questions about the essential elements of the offense. (Id.) Petitioner responded that he did not have any question. Petitioner was advised by the court and also agreed as part of his Plea Agreement that the statutory required sentence for the gun charge was five years. (Id at 22; Plea Agreement ¶ 4.) Petitioner advised the Court that he was pleading guilty because he was, in fact, guilty of the crimes charged in the indictment. (Id. at 33.) Petitioner also swore that he was fully satisfied with the services of his attorney. (Id. at 53.) Consequently, after hearing Petitioner's answers to each of its questions, the Court accepted his guilty pleas.

While Petitioner may now regret his guilty plea, his statements made at his Plea and Rule 11 hearing are binding. See United States v. DeFusco, 949 F.3d 114, 119 (4th Cir. 1001); see also United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992( (holding that if a Rule 11 proceeding is to serve a meaningful function, "it must be recognized to raise a strong presumption that the plea is final and binding.")

The record before the Court simply does not support Petitioner's claim that counsel coerced him into pleading guilty. Petitioner clearly stated, at the Rule 11 Hearing, that no one had threatened, intimidated or forced him to plead guilty and that he was pleading guilty because he was, in fact, guilty of Counts One and Five of the Indictment. Petitioner was advised of the essential elements and penalties of the 924(c) charge and affirmatively stated to the Court that he was pleading guilty because he was, in fact, guilty. Petitioner also swore that he was fully satisfied with the services of his attorney. In the absence of "clear and convincing evidence to the contrary," which is not present here, Petitioner is bound by the statements he made under oath at his Rule 11 hearing. Fields, 956 F.2d at 1299. Petitioner has not established either prong of the Strickland test and therefore his claim that his counsel was ineffective for coercing him into signing the plea

8

agreement is denied.

Petitioner also contends that he received a two-point enhancement for possessing or brandishing a firearm. However, a review of the presentence report reveals no such enhancement.[3] Petitioner also generally contends that he did not know about the gun and the gun was not of "the drug dealer" type. These allegations are vague and conclusory and belied by the record of Petitioner's guilty plea wherein he affirmatively stated that he was pleading guilty because he was, in fact, guilty of the crimes alleged in the indictment. (Case No. 5:04cr28, Doc. No. 199: Transcript of Plea and Rule 11 Hearing at 33.)

Petitioner also contends that his counsel was ineffective for failing to move to dismiss the gun charge of the Indictment because the gun offense mixed up the "use and carry" and possession" prongs of the statute. (Motion at 28.) Petitioner is incorrect. In the instant case, Petitioner's Third Superseding Indictment charged Petitioner and a co-defendant with "during and in relation to a drug trafficking crime, that is possession with intent to distribute methamphetamine, for which they may be prosecuted in a court of the United States, did knowingly and unlawfully use and carry a firearm, and in furtherance of such drug trafficking crime, did possess said firearm, that is: a Jennings .25 caliber handgun." The Court has reviewed Petitioner's Third Superseding Indictment and notes that the language charging the § 924(c) count in the Third Superseding Indictment followed, almost verbatim, the language of the statute. Further, it properly matched the "use/carry - during and in relation" and "possess - in furtherance" phases. Moreover, Petitioner cites United States v. Combs, 369 F.3d 925 (6th Cir. 2004) to illustrate the deficiency with the gun charge in his Indictment.

---

[3] While the Court notes that the Plea Agreement contemplated a two-level enhancement pursuant to § 2D1.1(b)(1), the probation officer concluded that such an enhancement was not appropriate because of Petitioner's guilty plea to the § 924(c) charge. (Case No. 5:04cr28, Doc. No. 207:Presentence Report ¶ 38.)

However, a review of that case confirms the propriety of the Indictment in this case. In Combs, the indictment charged "possessing a firearm during and in relation to" a drug crime, rather than "possessing a firearm in furtherance of" such a crime. In this case, as stated above, the language charging the 924(c) count did not confuse the two prongs of the statute and instead, tracked the language of the statute almost verbatim. Petitioner has not established either prong of the Strickland test with respect to this claim, therefore, his claim must fail.

### 2. Drug Claims

Petitioner contends that his counsel was ineffective for failing to challenge his § 851 notice because the notice was based on an offense committed within the scope of the instant conspiracy. This claim was specifically raised and addressed in Petitioner's appeal to the Fourth Circuit Court of Appeals. The Fourth Circuit concluded that Petitioner's claim that the enhancement under 21 U.S.C. § 851 was improper as it was based upon an offense committed within the scope of the instant conspiracy was without merit. United States v. Taylor, 253 Fed. App'x 325 (4th Cir. 2007).

The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Issues previously decided on direct appeal cannot be recast in the form of a § 2255 motion in the absence of a favorable, intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255.").

Petitioner raised this exact issue on appeal and the Court specifically rejected his claim. Accordingly, since Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate this claim in this proceeding, this claim is procedurally

barred.

Next, Petitioner contends that his counsel was ineffective for failing to challenge the three-level adjustment for being part of a conspiracy to make methamphetamine. Petitioner argues that he should not have received the adjustment because he was not part of manufacturing the methamphetamine he was accused of distributing and that he was unaware of the manufacturing operations.

The Presentence Report calculated a three-level adjustment pursuant to § 2D1.1(b)(6)(B).[4] Section 2D1.1(b)(6)(B) states: "If the offense (I) involved the manufacture of amphetamine or methamphetamine; and (ii) created a substantial risk if harm to (I) human life other than a life described in subsection (C); or (II) the environment, increase by 3 levels." The PSR sets forth the conspiracy's use of methamphetamine labs . (PSR ¶¶ 20-30). The PSR also describes how Petitioner started the conspiracy by teaching others how to create labs and details the clean up costs associated with the labs. (Id. ¶ 21.) Pursuant to his plea agreement, Petitioner agreed that the PSR would constitute the factual basis for his pleas to Counts One and Five of the Third Superseding Bill of Indictment. (Case No. 5:04cr28, Doc. No. 96: Plea Agreement ¶ 15.) The fact that Petitioner alleges that he was not involved in the manufacturing of the methamphetamine would not shield him from the three- level adjustment pursuant to § 2D1.1(b)(6)(B) because the instant offense involved the manufacture of methamphetamine, as described in the PSR, and Petitioner pled to a conspiracy which means that, for guidelines purposes, he was properly held accountable for all reasonably foreseeable acts of the jointly undertaken criminal activity. § 1B1.3.

Petitioner has not established that his counsel was deficient for failing to challenge the three-

---

[4] The Court notes that the parties also specifically stipulated to this enhancement as part of the plea agreement. (Case No. 5:04cr28, Doc. No. 96: Plea Agreement ¶ 7.)

level adjustment pursuant to § 2D1.1(b)(6)(B). Therefore, Petitioner's claim must fail.

### 3. Acceptance of Responsibility

Petitioner argues that his counsel was ineffective for failing to move for an additional ( a third) point for acceptance of responsibility. This claim is without factual support in that a review of the PSR reveals that Petitioner was, in fact, given full credit (-3) for acceptance of responsibility. (PSR ¶ 45.) During the Sentencing Hearing, the undersigned adopted the PSR for all purposes of sentencing finding that it accurately calculated Petitioner's guidelines. Therefore, Petitioner has not established that his counsel was deficient and his claim must fail.

### B. Plea and Rule 11 Hearing

As a separate issue from his ineffective assistance of counsel claim, Petitioner generally contends that he did not receive a proper Rule 11 hearing because the Court conduced the Rule 11 hearing without finding that a factual basis existed supporting Petitioner's guilty pleas.

Under Rule 11(f), "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Fed. R. Crim. P. 11(f). The court, however, is not required to make such a determination at the Rule 11 proceedings; it may defer its inquiry until sentencing. United States v. Mitchell, 104 F.3d 649, 651 (4th Cir. 1997). Moreover, the Court need not establish a factual basis through the plea colloquy; the court "may conclude that a factual basis exists from anything that appears on the record." United States v. DeFusco, 949 F.2d 114, 177 (4th Cir. 1991); United States v. Graves, 106 F.3d 342, 345 (10th Cir. 1997) ("[W]e note that under Rule 11(f), a court may also satisfy the factual basis requirement by examining the presentence report."); United States v. Martinez, 277 F.3d 517 (4th Cir. 2002) (presentence report listing litany of information supporting elements of charges was adequate to support factual basis for guilty pleas).

In the instant case, the inquiry into the factual basis for Petitioner's guilty pleas was deferred until sentencing. At sentencing, with the express stipulation of the parties, the Court adopted the Presentence Report, which contained sufficient information to support the elements of the two charges to which Petitioner pleaded guilty. (Case No. 5:04cr28, Doc. No. 207: Presentence Report §§ 20 - 23, 25.) In addition to the facts contained in the PSR, the Court also considered Petitioner's guilty pleas as well as his admissions to support its conclusions that a factual basis existed to support Petitioner's guilty pleas. (Case No. 5:04cr28, Doc. No. 200: Transcript of Sentencing Hearing at 3.) Therefore, Petitioner has not established any deficiency with this Court's conclusion that a factual basis existed to support his guilty pleas.

## III. CONCLUSION

The Court has considered the pleadings and documents submitted by the parties and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on any of his claims.

**IT IS, THEREFORE ORDERED** that:

1. The Government's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**;

2. The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence(Doc. No. 1) is **DENIED and DISMISSED;**

3. . Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller -El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

**SO ORDERED.**

Signed: May 6, 2010

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge