IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DISVISION
5:12-CV-00043-RLV
(5:04-CR-00028-RLV-CH-2)

| | | |
|---|---|---|
| RICHARD LEN TAYLOR, JR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). Rule 4(b) of the Rules Governing Section 2255 provides that sentencing courts are to examine motions to vacate, along with "any attached exhibits and record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief. After reviewing the motion and the record in this matter, the Court finds that Petitioner's Section 2255 motion should be denied and dismissed.

**I.      BACKGROUND**

On August 9, 2005, Petitioner was convicted in the Western District of one count of conspiracy to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841 & 846 (Count One), and one count of using and carrying a firearm during in and relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two). Petitioner was sentenced to an active term of 262 months for conviction on Count One and consecutive term of 60 months for conviction on Count Two. (5:04-CR-00028, Doc. No. 183: Amended Judgment in a Criminal Case at 1-2).

On August 16, 2006, Petitioner filed a Section 2255 motion to vacate his sentence and

contended that his trial counsel, although instructed to file an appeal, failed to do so. The Court granted the Section 2255 motion and entered an Amended Judgment from which Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 182). In an unpublished opinion, the Court affirmed Petitioner's convictions and sentence. United States v. Taylor, 235 F. App'x 326 (4th Cir. 2007).

On February 2, 2009, Petitioner filed his second Section 2255 motion therein raising claims of ineffective assistance of counsel. (Doc. No. 219). The Court ordered the Government to file a response to the Section 2255 motion. After reviewing the response and the record of the criminal proceedings, the Court concluded that Petitioner's claims of ineffective assistance of counsel were without merit and entered an Order on May 6, 2010 denying and dismissing the Section 2255 motion. (Doc. No. 220).[1] Petitioner did not file an appeal from this Order.

On February 17, 2012, Petitioner filed his third motion seeking relief under Section 2255, and argues that recent cases from the Supreme Court of the United States and the Fourth Circuit entitle him to relief. For reasons that will be discussed below, the Court finds that this case entitles Petitioner to no relief.

## II. LEGAL DISCUSSION

Petitioner contends that the Fourth Circuit's holding in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), demonstrates that his prior state felony drug convictions did not qualify him for a Section 851 sentencing enhancement. Recent Fourth Circuit law forecloses this argument.

In his criminal case, the Government filed a notice pursuant to 21 U.S.C. § 851 informing

---

[1] While the Court cites documents which were filed in Petitioner's criminal case, the Section 2255's were opened under individual case numbers–the first Section 2255 was opened as 5:06-CV-00100-RLV, and the second Section 2255 was opened as 5:09-CV-00013-RLV.

Petitioner of its intention to seek enhanced penalties based on two prior felony drug convictions which Petitioner received in North Carolina state court. (5:04-CR-00028, Doc. No. 2). Petitioner pled guilty to Count One of his Indictment which charged that Petitioner conspired with intent to possess and distribute methamphetamine, in violation of 21 U.S.C. §§ 841 & 846. Section 841(b)(1)(A) provides that upon conviction of an offense under Section 841(a), a defendant "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." Petitioner was sentenced to 262-months for conviction on Count One of his indictment, and a mandatory, consecutive term of 60 months for conviction on Count Two.

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense under the [Controlled Substances Act], the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

In a Section 2255 proceeding, a petitioner can attack the legality of his sentence. 28 U.S.C. § 2255(a) provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or **that the sentence was in excess of the maximum authorized by law**, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(emphasis added).

Through enactment of 21 U.S.C. § 841(b)(1)(A), Congress provided the Court with a defined range within which to sentence defendants. Even without consideration of any prior felony drug offenses, the Court had the discretion to sentence Petitioner to a term of not less than ten years and not more than life imprisonment. Petitioner's term of 262 months was thus well within the authorized maximum sentence. Accordingly, Petitioner is not entitled to relief in this Section 2255 proceeding. See United States v. Powell, ___ F.3d ___, 2012 WL 3553630, 2012 U.S. App. LEXIS 17485, at *1-2 (4th Cir. 2012) (finding that Powell's challenge to his twenty-year term of imprisonment based on prior state drug convictions for which he was not sentenced to more than one year must fail. The Court found that Powell's sentence should be upheld, notwithstanding the presence of the Government's Section 851 notice of intention to seek enhanced penalties, because Powell still received a sentence that was within the maximum allowed by law under § 841(b)(1)(A), namely, less than life imprisonment).

### III.  CONCLUSION

Based on the foregoing, the Court finds that Petitioner's sentence of 262 months for conviction on Count One of his Indictment was within the statutory maximum and accordingly, he has failed to demonstrate that he is entitled to relief through this Section 2255 proceeding.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED**. (5:12-CV-00043, Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 9, 2012

Richard L. Voorhees
United States District Judge